UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

KEYON JAQUE BROWN,

        Plaintiff,                      Case No. 1:12-cv-12

v.                                       Honorable Robert J. Jonker

UNKNOWN TURNER,

        Defendant.

_____/

**OPINION**

        This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Keyon Jaque Brown presently is incarcerated at the Gus Harrison Correctional Facility, though the actions about which he complains occurred while he was housed at the Bellamy Creek Correctional Facility (IBC). He sues IBC Assistant Resident Unit Supervisor (ARUS) (unknown) Turner.

Plaintiff alleges that he made repeated attempts to mail legal pleadings to the United States District Court for the Western District of Michigan on April 25, 26, 27 and 29, 2010. On each occasion, he asked Defendant Turner to issue a legal mail disbursement and an envelope for expedited mailing of a document ostensibly necessary to the habeas corpus action he had previously filed in this Court. *See Brown v. McKee*, No. 1:09-cv-696 (W.D. Mich.). Turner repeatedly put Plaintiff off, telling him to come back later. On April 30, 2010, while Turner was absent from the unit, Plaintiff approached ARUS Bonn, who promptly assisted him with his legal mail. Plaintiff contends that Turner's repeated delays in authorizing Plaintiff's legal mail deprived Plaintiff of his right of access to the courts. He seeks compensatory, punitive and exemplary damages totaling $7.5 million.

**Discussion**

I.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

It is clearly established that prisoners have a constitutionally protected right of access to the courts under the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prison officials have a two-fold duty to protect a prisoner's right of access to the courts. *McFarland v. Luttrell*, No. 94-6231, 1995 WL 150511, at *3 (6th Cir. Apr. 5, 1995). First, they must provide affirmative assistance in the preparation of legal papers in cases involving

constitutional rights, in particular criminal and habeas corpus cases, as well as other civil rights actions relating to the prisoner's incarceration. *Id.* (citing *Bounds*, 430 U.S. at 824-28). Second, the right of access to the courts prohibits prison officials from erecting any barriers that may impede the inmate's accessibility to the courts. *Id.* (citing *Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992)); *see also Bounds*, 430 U.S. at 822 (citing *Ex parte Hull*, 312 U.S. 546, 549 (1941)). In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury to pending or contemplated litigation. *See Lewis*, 518 U.S. at 349; *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000.

The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous). Further, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. 353 & n.3). The *Christopher* Court held that, "[l]ike any other element of an access claim, the underlying cause

of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher*, 536 U.S. at 416.

In the instant case, Plaintiff argues that, because Turner failed to assist him with his legal mail in late April 2010, Plaintiff "received notice from the United States District Court that [his] petition for writ of habeas corpus was DENIED because [he had] failed to meet the filing requirement." Plaintiff's allegation is at odds with the public record of this Court. Plaintiff's petition for writ of habeas corpus was denied by the Court on January 4, 2010 – nearly four months before the first date Plaintiff asked Turner to mail his legal materials. *See Brown v. McKee*, No. 1:09-cv-696 (W.D. Mich.) (docket ##7, 8, 9). The petition was denied because it failed to raise a meritorious federal claim, not because Plaintiff had failed to file any document. Petitioner filed a notice of appeal on March 16, 2010. *Id.* (docket #10). On April 5, 2010, Plaintiff filed a motion for leave to proceed on appeal *in forma pauperis*, which was granted by this court on April 13, 2010. *Id.* (docket ##13, 14). The Court received nothing further from Plaintiff until June 21, 2010, when when it received a letter from Plaintiff. *Id.* (docket #15).

Moreover, even were the Court to assume that Plaintiff intends to refer to the documents he filed in the Sixth Circuit Court of Appeals, his case is similarly without merit. Petitioner filed a notice of appeal of the January 4, 2010 judgment on March 16, 2010, well beyond the 30-day period for filing a notice of appeal set forth in Federal Rule of Appellate Procedure 4(a). In addition, Plaintiff never sought an extension of time to file the notice of appeal from this Court, as provided in Federal Rule of Appellate Procedure 4(a)(5). According to the public record of the Sixth Circuit, the court of appeals issued an order on April 8, 2010, requiring Plaintiff to show cause why the appeal should not be dismissed for failure to comply with Federal Rule of Appellate Procedure 4(a) and allowing Plaintiff 21 days in which to respond. *See Brown v. McKee*, No. 10-1330 (6th Cir.). Presumably, the 21-day period set forth in the April 8 order is the deadline Plaintiff

allegedly was prevented from meeting. His response was received by the court of appeals on May 7, 2010, approximately one week after it was due.[1] However, the court of appeals did not dismiss the appeal because of Plaintiff's delayed response. Instead, on July 12, 2010, the court of appeals determined that it had no jurisdiction over Plaintiff's appeal because it was filed beyond the 30-day period set forth in Federal Rule of Appellate Procedure 4(a). In the same order, the court of appeals denied Plaintiff's motion for an extension of time both because it was not filed in the district court as required by court rule and because the time for seeking such an extension had expired on March 5, 2010. *Id.*

In sum, even assuming Defendant Turner's conduct was improper and interfered with Plaintiff filing a timely response to the court of appeals' April 8, 2010 order, Plaintiff experienced no actual injury to his litigation. *See Lewis*, 518 U.S. at 349. The court of appeals did not reject his response as untimely, nor did it dismiss his appeal because the response was late. As a result, because he can demonstrate no actual injury arising from Defendant Turner's alleged conduct, Plaintiff fails to state an access-to-the-courts claim.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the

---

[1] Although Plaintiff's response was filed in the court of appeals, he appeared to seek an extension of time from this district court, as provided in Federal Rule of Appellate Procedure 4(a)(5). The motion, however, was never filed in this Court.

$455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

                /s/Robert J. Jonker
                ROBERT J. JONKER
             UNITED STATES DISTRICT JUDGE

Dated: January 31, 2012